IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD ALAN ARLEDGE | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13cv539 |
| | § | CRIMINAL ACTION NO. 4:09cr89(1) |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Richard Alan Arledge filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND**

Movant served as the director and president of Expressway Financial, Inc., controlling all aspects of the business. He employed individuals to assist in the management of the operations, including many of Movant's fifteen co-defendants. From approximately January 2006 through August 2009, Expressway Financial sold luxury cars to criminals for cash. Movant's employees observed persons purchasing luxury cars using significant amounts of cash. It was common knowledge that the cash came from illegal activities. Cars were titled in the name of friends and relatives to conceal true ownership. Purchases were disguised as leases to allow the dealership to

claim cars that were seized by law enforcement. Movant frequently agreed not to report transactions to the IRS. Large amounts of cash were brought in paper bags. Some purchasers smelled strongly of marijuana. Purchasers that were drug dealers were known as "street pharmacists" and "pharmaceutical salesmen." A purchaser that was a pimp was known as "the Governor."

Employees noticed that these unusual purchasers seemed to have traveled great distances to purchase cars from Movant, and they did not fit the general demographics of the population in the area around the dealership. One of Movant's co-defendants, Cecil Coleman, catered to the criminals that wanted the high-end cars. Coleman helped Movant sell the cars to the criminal purchasers and then hide the criminal enterprise. Movant instructed Coleman to convert large amounts of cash into cashier's checks to be used as down payments for some of the criminal customers. This allowed the dealership to avoid having to report large cash transactions to the IRS in the name of the criminal. Coleman cooperated with the Government and identified a number of the dealership's criminal customers. Warren Barconia (a pimp known as the Governor) and numerous drug dealers including Stoney Kidd, Patrick Dread, Lonnie Johnson, and Kerrick Wilson were listed. Some of these criminal customers testified against Movant at his trial.

Movant retained two attorneys - Stephen Jones and Ryan Lurich. Lurich had attorney-client relationships with several of Movant's co-defendants; thus, the Government moved to disqualify him from representing Movant. The court granted the motion, disqualifying Lurich based on conflict of interest. The trial began on November 15, 2010, and after a jury found him guilty, attorney Stephen Jones withdrew from the case on December 6, 2010. The court then appointed James Whalen to represent Movant for the sentencing phase. Whalen also represented Movant on appeal.

On December 6, 2010, a jury found Movant guilty of conspiracy to launder monetary

instruments, in violation of 18 U.S.C. § 1956(h). The court sentenced Movant to 188 months of imprisonment on November 9, 2011. The United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence on April 18, 2013. *United States v. Arledge*, 524 F. App'x 83 (5th Cir. 2013). In its decision, the Fifth Circuit held:

1. The evidence supported Movant's conviction;

2. Lurich's dual representation of Movant and his co-defendants warranted Lurich's disqualification; and

3. The evidence supported the enhancement of Movant's base offense level under the Sentencing Guidelines based on Movant's knowing, or believing, that the purchasers of luxury vehicles of his dealership used cash derived from the distribution of controlled substances.

*Id*. at 86-89. The Supreme Court of the United States denied Movant's petition for writ of certiorari on October 7, 2013.

In his § 2255 motion, Movant claims:

1. The Government withheld *Brady* and *Giglio* material prior to trial;

2. Counsel was ineffective for failing to challenge the search warrant;

3. Counsel was ineffective for failing to stop knowingly perjured testimony to be used at trial;

4. Counsel was ineffective for failing to introduce evidence to impeach Government witnesses;

5. Counsel prejudiced Movant's case when he withdrew and forced Movant to use an appointed attorney at sentencing;

6. Counsel was ineffective for failing to prepare for trial;

7. The Government knowingly used perjured testimony;

8. The court used perjured testimony to calculate his offense level at sentencing; and

9. The prosecution engaged in misconduct by presenting false testimony to the grand jury.

The Government filed a response, asserting that several of Movant's issues are procedurally barred and the remaining issues are without merit. Movant filed a Reply.

## FEDERAL HABEAS CORPUS RELIEF

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## PROCEDURAL DEFAULT

Movant claims that his constitutional rights were violated when (1) the Government withheld *Brady* and *Giglio* material, (2) the Government knowingly used false statements as the basis for obtaining the search warrant to search his business, (3) the court used perjured testimony to calculate his offense level, and (4) the prosecution engaged in misconduct by presenting false testimony to the grand jury. However, these issues either could have been raised on direct appeal or were raised on

4

direct appeal and found to be without merit.

It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680, 113 S. Ct. 1745, 123 L. Ed.2d 407 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). Accordingly, if Movant raised or could have raised his constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he first shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232. On direct appeal, these issues were either considered and found to be without merit, or Movant could have raised them on direct appeal, but failed to do so. He has not shown cause or prejudice for failing to do so or that he is actually innocent. Accordingly, these issues are procedurally barred. *Shaid*, 937 F.2d at 232.

### INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL

Movant claims he is entitled to relief because he was denied effective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing

court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id*., 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id*., 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*., 466 U.S. at 697, 104 S. Ct. 2052.

**Failure to Challenge Search Warrant**

Movant asserts that his trial counsel was ineffective for failing to challenge the search warrant executed at his place of business. He claims the warrant was based on perjured statements; specifically, the information provided by Cecil Coleman was not credible because Coleman was facing his own criminal charges and had an ulterior motive to incriminate someone else and a desire to get paid for his information.

A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may

be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Moreover, to show prejudice from counsel's alleged deficient performance, a petitioner must show a reasonable probability that, but for trial counsel's errors, the defendant's sentence would have been significantly less harsh. *United States v. Franks*, 230 F.3d 811, 814 (5th Cir. 2000).

The affidavit in support of the application for the search of Richard Arledge Suzuki and Expressway Financial, Inc., contained information from numerous individuals including co-defendants and the results of investigations by the police department in DeSoto, Texas. This information was ample to support probable cause for the search warrant even if information provided from Coleman was excised. A search warrant is valid even if it contains misrepresentations when there remains sufficient content to support a finding of probable cause after striking the misrepresentation. *United States v. Cherry*, 50 F.3d 338, 341 F.2d 285, 341 (5th Cir. 1995). Movant fails to show that counsel's failure to challenge the search warrant was deficient performance. He also fails to show that the challenged action could not be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Moreover, Movant fails to show that, but for trial counsel's alleged errors, his sentence would have been significantly less harsh, *Franks*, 230 F.3d at 814, or that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct.

at 2068.

**Failure to Challenge Perjured Testimony**

Movant states that he told counsel during trial that certain witnesses were lying and pointed to documents that would "prove they were lying." Movant asserts that (1) Coleman committed perjury by testifying about cashier's checks, (2) Agent Karen Wilkerson manufactured evidence, and (3) IRS Agent Ronald Leazier committed perjury when he testified about cash down payments. Movant fails, however, to show evidence from the record demonstrating that any testimony put on by the Government was false. Movant's claim is conclusory. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Furthermore, the Fifth Circuit held that the evidence was sufficient to uphold the jury's verdict. *Arledge*, 524 F. App'x 83.

**Failure to Impeach Government Witnesses**

Movant next complains that counsel failed to introduce evidence to impeach the Government's witnesses. He specifically claims that counsel failed to point to an exhibit purporting to show that Cecil Coleman was paid to be a witness.

A review of the record shows that Exhibit D is a memorandum to the DeSoto Police Department. A reference in the memorandum mentions a payment to a "CI" in the criminal investigation into Movant without providing a particular name. However, Coleman testified that he

8

had been paid by law enforcement to provide information concerning the investigation of Movant. The record also shows that counsel cross-examined Coleman about the fact that Coleman was a paid informant. The record is clear that the jury was aware that Coleman was a paid informant. The weight and credibility of evidence is within the sole province of the jury. *United States v. Martinez*, 975 F.2d 159, 160-61 (5th Cir. 1992). It was up to the jury to determine if it believed a witness's testimony and the weight to be given to the testimony. Because the jury was aware that Coleman was a paid informant, Movant cannot show prejudice from his counsel's alleged error. Movant fails to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Counsel's Withdrawal Before Sentencing**

Movant next claims that he was prejudiced by counsel's withdrawal from the case prior to the sentencing phase. He specifically asserts that counsel refused to supply the newly appointed attorney with the case file.

A review of the record shows that Movant's trial counsel, Stephen Jones, reviewed the presentence report and filed objections to the PSR prior to withdrawing from the case. Jones stated that he withdrew from the case because Movant would not cooperate in preparing for the sentencing phase. Regardless, the court granted a motion to continue the case so that newly appointed counsel, James Whalen, could properly prepare for sentencing. The Government attested that it had provided information to Whalen for preparation of the sentencing phase. The court reviewed and ruled on all objections to the PSR filed by Jones. Movant provides only conclusory allegations that Jones's withdrawal prejudiced his case. Conclusory allegations are insufficient for habeas relief. *Ross,* 694

F.2d at 1011-12; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Movant fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

**Failure to Prepare for Trial**

Movant next argues that counsel was ineffective for failing to examine the discovery material before trial. He claims that, had counsel reviewed the discovery, he would have known that the Government witnesses were lying.

A defense counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary. *Woodfox v. Cain*, 609 F.3d 774, 806 (5th Cir. 2010). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982).

Movant fails to show that counsel did not examine the discovery material. Furthermore, the record shows that Movant's counsel cross-examined Government witnesses; thus, the jury heard both direct and cross examinations, but still found Movant guilty. It was up to the jury to determine if it believed a witness's testimony and the weight to be given to the testimony. *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) ("It is the sole province of the jury . . . to weigh convicting evidence and evaluate the credibility of witnesses."). Counsel also called witnesses in Movant's defense, including an expert witness. Movant fails to show that counsel did not review the discovery material or that the Government witnesses were not being truthful. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross,* 694 F.2d at 1011-12; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

## CONCLUSION

In conclusion, several of Movant's issues are procedurally barred. Additionally, Movant fails to show the requisite elements of ineffective assistance of counsel in his remaining claims. He fails to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. For these reasons, the motion should be denied and the case dismissed.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although a notice of appeal has not yet been filed, it is respectfully recommended that this court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the court find that Movant is not entitled to a certificate of appealability as to the claims presented.

## RECOMMENDATION

It is recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to

factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of May, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE